# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RYNN GINO GEDDES,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LYON COUNTY SHERIFF'S DEPT., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:21-CV-00499-MMD-CLB<br><br>**ORDER DENYING, IN PART, AND GRANTING, IN PART, MOTION FOR ISSUANCE OF SUBPOENA AND MOTION FOR EXTENSION OF TIME**<br><br>[ECF Nos. 16, 17] |

　　　　This case involves a civil rights action filed by Plaintiff Rynn Gino Geddes ("Geddes") against Defendants Lt. Baltez ("Baltez"), C/O Spenser ("Spenser"), Detective Pruett ("Pruett"), and C/O Tustin ("Tustin") (collectively referred to as "Defendants"). Before the Court is Geddes' motion for issuance of subpoena *duces tecum* and extension of time to serve complaint. (ECF Nos. 16, 17.)

　　　　Geddes, appearing *pro se* filed a civil rights complaint on December 6, 2021. (ECF No. 6.) The Court properly screened the complaint pursuant to 28 U.S.C. § 1915A and permitted Geddes to proceed on a Fourth Amendment excessive force claim against Baltez, Spenser, Pruett and Tustin. (ECF Nos. 5, 12.) The Court issued summonses for the Defendants and ordered the U.S. Marshal ("USM") to attempt service. (ECF Nos. 12, 13.) The USM returned the summonses unexecuted because every Defendant no longer works for the Lyon County Sheriff Department. (ECF No. 14.) The Court then issued a notice of intent to dismiss pursuant to Fed. R. Civ. P. 4(m). (ECF No. 15.) In response, Geddes filed the instant motion.

　　　　In his request for issuance of subpoena *duces tecum*, Geddes asks the Court to issue, serve, and apparently pay the witness fees to the Lyon County Sheriff's Department to secure forwarding addresses for each Defendant. (ECF No. 16.) Geddes is proceeding *in forma pauperis* (ECF No. 5)*.* However, *in forma pauperis* status does not

extend to the issuance of subpoenas or service of subpoenas at government expense. LSR 1-6. Geddes is advised that the U.S. Marshal ("USM") will not locate and serve witnesses for him, and the Court will not pay witness fees and costs. Witness fees are not costs the court will bear on behalf of an indigent litigant. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1992). Moreover, the USM does not serve subpoenas in civil cases, even if payment is made. Therefore, while the Court will order the Clerk to issue a blank subpoena *duces tecum,* Geddes will be responsible for making all arrangements for service, the expense of service, the witness fee, and any other costs. *See* Fed.R.Civ.P. 45; *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) (28 U.S.C. § 1915 does not entitle a plaintiff proceeding in forma pauperis to a waiver of witness fees for subpoenas).

Geddes also requests an additional 45 days to complete service in this case. (ECF No. 17.) Because the Court has now advised Geddes that the USM will not serve a subpoena, the Court grants Geddes an additional 75 days to complete service on or before **August 8, 2022.** If Geddes can obtain a more current service address for any Defendant, the Court will order the USM to make one further attempt at service.

Geddes motion for a subpoena *duces tecum* and for extension of time to complete service is **GRANTED, in part,** and **DENIED**, **in part,** as stated above. The Clerk shall **ISSUE** a blank subpoena *duces tecum* and forward the same to Geddes.

**IT IS SO ORDERED**.

**DATED**: __May 23, 2022__   .

_____
**UNITED STATES MAGISTRATE JUDGE**